```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LYNDA M. MERCER, and HOWARD
C. MERCER,

    Plaintiffs,

v.                                  Case No:  2:24-cv-882-JES-NPM

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Dismiss (Doc. #20) filed on December 2, 2024. This is another insurance case concerning flood damage caused by Hurricane Ian. Defendant American Bankers Insurance Company of Florida (American Bankers or defendant) asserts that its insureds (Lynda M. Mercer and Howard C. Mercer (collectively the Mercers or plaintiffs)) failed to file its suit within one year of a partial denial of their claim, and their lawsuit is now barred by the applicable limitations period. Plaintiffs filed a Response (Doc. #23) on December 28, 2024, and with leave of court defendant filed a Reply (Doc. #27) on February 10, 2025. For the reasons set forth below, the motion is granted.

I.

In deciding whether a complaint states a claim upon which relief may be granted, a district court considers the factual allegations in the complaint and the exhibits attached to the complaint or incorporated into the complaint by reference. MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co., 40 F.4th 1295, 1303 (11th Cir. 2022) (citation omitted); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).  A Court may consider evidence outside the complaint if the evidence satisfies the incorporation-by-reference doctrine or is properly subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Swinford v. Santos, 121 F.4th 179, 187-88 (11th Cir. 2024).

Under the former doctrine, extrinsic material referenced in a complaint and attached to a motion to dismiss may be considered if (1) it is central to the plaintiff's claim and (2) its authenticity is unchallenged. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Jackson v. City of Atlanta, Georgia, 97 F.4th 1343, 1350 (11th Cir. 2024).  When the latter two prongs are met, extrinsic materials may be considered even if not mentioned in, nor attached to, a complaint.  Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); Julmist v. Prime Ins. Co., 92 F.4th 1008, 1016 (11th Cir. 2024) (affirming a

district court's consideration of an insurance policy that an insurer attached to a motion to dismiss).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007).  The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Contrary to plaintiffs' argument (Doc. #23, p. 6), "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted).

## II.

American Bankers, a Write-Your-Own (WYO) Program Carrier participating in the National Flood Insurance Program (NFIP), issued a Standard Flood Insurance Policy (SFIP) to plaintiffs for the 12-month period from January 25, 2022, to January 25, 2023. The SFIP was issued pursuant to the National Flood Insurance Act of 1968 (NFIA), which is administered by the Federal Emergency Management Agency (FEMA).  Under the NFIA, the Administrator of FEMA implements the flood insurance program, 42 U.S.C. § 4041, and is authorized "to adjust and make payment of any claims for proved

and approved losses covered by flood insurance." 42 U.S.C. § 4072. FEMA has agreed to be sued for its determinations, but with a time limitations period:

> upon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, **the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim** in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). The limitations period to file suit is reiterated in the SFIP itself:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. **If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim,** and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

(Doc. #1-1 at 26) (emphasis added).

The following chronology is taken from facts alleged in the Complaint and documents which may be considered with a motion to dismiss, viewed in the light most favorable to plaintiffs, the

4

non-moving party: On September 28, 2022, Hurricane Ian brought unprecedented flooding that caused damage to plaintiffs' home. The SFIP covering that dwelling was in full force on the date of loss, with premiums paid in full.

Plaintiffs timely reported their claim to American Bankers in accordance with the SFIP. The details about when this was reported or what was claimed are not set forth in the Complaint or in the documents the Court may consider.

American Bankers assigned an insurance adjuster to inspect the insured property and prepare an estimate of damage. Plaintiffs allege that the adjuster's estimate failed to comply with various applicable standards, but the Complaint and documents the Court may consider provide only partial details as to the content of the adjuster's report or its deficiencies.

By Memorandum dated October 6, 2022, the Acting Assistant Administrator for FEMA described the claims process and responsibilities of NFIP insurers for Hurricane Ian claims. (Doc. #1-2 at 1.) This bulletin required NFIP insurers to accept their adjuster's report to evaluate and pay a claim instead of requiring a signed proof of loss from insureds; allowed payments without the policyholder's signature on the adjuster's report under certain circumstances; and allowed insurers to make more than one payment on a claim. Additionally, "[a] policyholder may still submit a signed proof of loss when they disagree with the adjuster's

report." (Id. at 3.) The bulletin extended the deadline for filing the proof of loss: "To allow enough time for policyholders to evaluate their losses and the adjusters' reports, I am extending the 60-day proof of loss deadline. The deadline for **submitting a compliant proof of loss** for Hurricane Ian **is 365 calendar days (one year) from the date of loss**." (Id. at 3) (emphasis added).

In a November 14, 2022, letter (Doc. #23-3), American Bankers advised plaintiffs that it had not yet received their proof of loss, which was due 60 days after the loss, unless FEMA was to change the date. This letter does not reflect any recognition that FEMA had already extended the filing time in the October 6, 2022, Memorandum.

By letter dated January 11, 2023, American Bankers notified plaintiffs of its determination that plaintiffs were owed $74,757.46 for Building damages and nothing for the contents. (Doc. #20-1.) The letter relied upon its adjuster's December 9, 2022, report to arrive at the coverage determinations and amounts. The letter stated:

> We denied a portion of your claim based upon the applicable provisions of the Standard Flood Insurance Policy (SFIP), as set forth below. If you do not have one, you may obtain a copy of the Standard Flood Insurance Policy online at: www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms."

6

(Id. at 2.)  The letter stated that based on the Independent Adjuster's report, American Bankers was denying coverage for four portions of the claim:

- "the stair finishes, wall paneling, light fixtures, cabinets, windows, flooring, drywall finishes, base molding, doors and trim located in your basement were damaged by the flood waters. Please be advised, the SFIP restricts coverage for building and contents items in a basement. We are unable to include payment for the item(s) listed above and are denying coverage pursuant to the applicable policy section(s)….

- "you wish to claim damages to detached garage. Please be advised, the SFIP provides coverage for the dwelling and detached garage (if applicable) only unless [sic] used for residential purposes. We are unable to include payment for the item(s) listed above as the detached garage includes living quarters and are denying coverage pursuant to the applicable policy section(s)….

- "there may be damages to your personal property. We are denying payment for all damages to personal property items as you do not carry contents coverage, pursuant to the applicable policy section(s)….

- "the swimming pool, pool equipment and screened in enclosure were damaged by the flood waters. Please be

7

>advised, the SFIP does not provides coverage for swimming pools, pool equipment or surfaces outside the exterior perimeter walls of the insured building. We are unable to include payment for the item(s) listed above and are denying coverage pursuant to the applicable policy section(s)….

(Id. at 3.)

The letter also stated that "[b]y accepting this payment, you agree the information in the report is true and correct to the best of your knowledge and belief." (Id. at 2.) "Accepting this payment does not waive any of your rights to seek further payments under your flood insurance policy." The letter continued: "If you find additional flood damage that was not included in the adjuster's estimate or if the cost to repair the flood damage exceeds the adjuster's estimate, you may request an additional payment in accordance with the terms and conditions of the Standard Flood Insurance Policy (SFIP)." (Id.)  The letter concluded that "[y]ou do not need to take any further action. However, if you wish to take further action concerning this denial, the Policyholder Rights document attached to this letter explains your options, several of which require prompt action."  (Id. at 3.) Attached to the letter is a document entitled Policyholder Rights which details how to file an appeal directly with FEMA or directs the policyholder to file a lawsuit against the insurer "where the

8

damage occurred **within one year of when your insurer first denied all or part of your claim.**" (Id. at 4)(emphasis added).

On September 25, 2023, plaintiffs submitted a sworn Proof of Loss requesting supplemental damages in excess of the policy limit of $250,000, supported by a detailed, 100-page report from a public adjusting company. (Doc. #1-3, pp. 4-104.) The report is dated February 3, 2023 (id. at 66) and indicates that the property was inspected on November 14, 2022 (id. at 4). American Bankers failed to respond to this proof of loss and request for supplemental damages.

On September 24, 2024, plaintiffs filed their one-count Complaint for breach of the insurance policy. Plaintiffs allege that their damage was "in an amount and scope greater than what was found by Defendant's adjuster" and that "[n]umerous covered items were omitted and/or underpaid by Defendants." (Doc. #1, ¶¶ 20-21.)

### III.

American Bankers argues that plaintiffs must file their lawsuit to recover money under the SFIP within one year after the date of the written denial of all or part of the insured's claim, and that the lawsuit in this case was not filed within that time period. (Doc. #20 at 5.) "Based on the date of the Partial Denial Letter [January 11, 2023], and the SFIP's Suit Limitation Provision, Plaintiffs had until January 11, 2024, to file suit.

9

Plaintiffs did not file suit until September 24, 2024, over 20 months after American Bankers first partially denied coverage, and more than 8 months after the Suit Limitation Provision's deadline to commence suit." (Doc. #20 at 11.)

Plaintiffs respond that the "lawsuit is not time-barred because it was filed on September 24, 2024, which is within one year of the Defendant's first denial of the Plaintiffs' timely submitted proof of loss. The extended one-year deadline to file a sworn proof of loss created in FEMA's Hurricane Ian bulletin was September 28, 2023. With no formal written denial of the Plaintiffs' September 24, 2024, supplemental request and sworn proof of loss, the 1-year statute of limitations period for the Plaintiffs to sue the Defendant began September 28, 2023." (Doc. #23 at 7.)

The relevant facts as set forth in the Complaint and relevant documents are straightforward and undisputed: Hurricane Ian caused damage to the insured property on September 28, 2022; plaintiffs made a timely claim with American Bankers, which assigned an adjuster; on October 6, 2022, FEMA issued a Memorandum setting forth special procedures concerning Hurricane Ian claims; on December 9, 2022, the American Bankers' adjuster made a report of the damages caused to the insured property; on January 11, 2013, American Bankers authored a letter partially denying the claim as it related to four specific areas; on September 26, 2023,

10

plaintiffs filed a Proof of Loss supported by a hundred page adjuster's report asserting covered damages in an amount greatly in excess of those determined by American Bankers; American Bankers did not respond to or pay the amount requested in the Proof of Loss; and on September 24, 2024, plaintiffs filed this lawsuit against American Bankers.

The date on which the limitations period begins to run is clear.  The one-year limitations to file suit in district court is triggered by a full or partial denial of a claim.  In this case, the limitations period was triggered by the January 11, 2023, partial denial of plaintiffs' claim.

Plaintiffs argue, however, that in *this* case the January 11, 2023, letter did not trigger the limitations period because that letter contained the following sentence:

> If you find additional flood damage that was not included in the adjuster's estimate or if the cost to repair the flood damage exceeds the adjuster's estimate, you may request an additional payment in accordance with the terms and conditions of the Standard Flood Insurance Policy (SFIP).

Plaintiffs note that this was before they submitted their proof of loss and argue that as a result there was no dispute with American Bankers at that time.  (Doc. #23, pp. 12-13.)  Plaintiffs argue that since American Bankers had partially paid for covered damages pursuant to its January 11, 2023, letter and did not yet know what supplemental request plaintiffs would make, there was "no

11

actionable dispute to bring" and any lawsuit would have been "dismissed as premature." (Id. at 13.)

But neither the letter nor the FEMA Memorandum on which it was based support such a position. Being allowed to submit a supplemental request (or a proof of loss) does not change the statute nor the NIFP, which on their face did not purport to extend, waive, or toll the limitations period.

> Section 4072 does not mention a proof of loss, much less require the disallowance of one. Instead, it refers to the "disallowance ... of any such *claim*." 42 U.S.C. § 4072 (emphasis added). Therefore, a claim and a proof of loss are distinct. As FEMA explains in its NFIP Claims Manual, "the proof of loss is not the claim. The claim is the policyholder's assertion that they are entitled to payment for a[n] Insured loss under the terms of the SFIP. A policyholder has only one claim from a flood event regardless of the number of proofs of loss and amount of documentation the policyholder may submit in support of that claim." FEMA, National Flood Insurance Program Claims Manual at 68 (Oct. 2021). See also 44 C.F.R. § 62.23(i)(1) (requiring WYO carriers to be "guided by NFIP Claims manuals" in adjusting claims); Nguyen v. Hartford Underwriters Ins. Co., 514 F. Supp. 3d 831, 838 (M.D. La. 2021) ("Courts read the SFIP *in pari materia* with the Claims Manual to resolve coverage disputes.").

McInnis v. Liberty Mut. Fire Ins. Co., No. 22-30022, 2022 WL 4594609, at *2 (5th Cir. Sept. 30, 2022). See also Lionheart Holding GRP v. Phila Contribution Ship Ins. Co., 368 F. App'x 282, 285 (3d Cir. 2010) (rejecting claimant's argument that a subsequent letter altered, varied, or waived the limitations period); Wagner

12

v. Dir., Fed. Emergency Mgmt. Agency, 847 F.2d 515, 521 (9th Cir. 1988) ("Once FEMA has triggered the statute of limitations by issuing a denial, reconsideration of that denial or responding to further inquiries about the case has no effect on the running of the limitations period."); Hawk v. Hartford Ins. Co. of the Midwest, No. 2:24-CV-823-JES-NPM, 2025 WL 326668, *7 (M.D. Fla. Jan. 29, 2025).

Plaintiffs also argue that a lawsuit could not have been filed earlier because there was no dispute between the parties, the matter was therefore not ripe for judicial action, and there was no case or controversy. The Complaint says otherwise. The Complaint states that their damage was "in an amount and scope greater than what was found by Defendant's adjuster" and that "[n]umerous covered items were omitted and/or underpaid by Defendants." (Doc. #1, ¶¶ 20-21.) Additionally, a Proof of Loss for supplemental damages is only allowed when a policyholder "disagree[s] with the adjuster's report." (Doc. #1-2 at 3.) Here, plaintiffs clearly did disagree, and their February 3, 2023, adjuster's report claims damages to areas of the property which had been denied by American Bankers. For example, their adjuster's report included damages to the garage of over $36,000. (Doc. #1-3, at 34-39).

The suit must have been filed on or before January 11, 2024, and was not. As a result, this suit is barred by the limitations

13

period set forth in both the statute and the SFIP. The action will be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #20) is **GRANTED** and the Complaint is **DISMISSED without prejudice as time-barred.**

2. The Clerk shall enter judgment accordingly, terminate all pending deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___4th___ day of April 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record